(19 Misc. Rep. 313.)

## PEOPLE v. MAYHEW.

(Supreme Court, Special Term, Kings County. January, 1897.)

CRIMINAL LAW—NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.

> Code Cr. Proc. § 465, subd. 7, providing that a new trial may be granted for newly-discovered evidence which "would probably have changed the verdict" if given on the trial, does not require the granting of a new trial on a denial by an accomplice of the truth of his testimony against defendant, irrespective of the probable falsity of such denial.

Arthur Mayhew was convicted of murder in the first degree, and moves for a new trial on the ground of newly-discovered evidence. Denied.

Chas. W. Brooke and William T. Emmet, for the motion.
Daniel Noble, Dist. Atty., opposed.

KEOGH, J. On the trial, Waynes testified that he was with the defendant at the time the murder was committed; that he saw Mayhew strike Stephen Powell a blow with a heavy substance in the end of a long stocking; that Mr. Powell fell, and was at once robbed by the defendant; and that he and Mayhew then ran along several streets,—their course, as well as what they did as they ran, being described by him with great particularity. Waynes afterwards formally pleaded guilty to the crime of manslaughter, as an accomplice of Mayhew in the murder of Mr. Powell, and was sentenced to 15 years' imprisonment. On this application for a new trial, Waynes swears that all this testimony of his on the trial was false; that he did not see the defendant strike Mr. Powell, and was not with him at the time Mr. Powell was killed. The jury, which saw and heard him testify, has decided that his testimony then was the truth. It was corroborated by striking circumstantial evidence.

Judge Bartlett, writing for the court of appeals, in a clear and most impressive review of the evidence given on the trial of Mayhew, says:

> "After a careful study of this record, we are of the opinion that the verdict of the jury, convicting the defendant of murder in the first degree, is amply justified by the evidence. The corroborating evidence from the time the defendant and his accomplice approached the scene of the murder, until the termination of their flight, at Clemens' saloon, is most persuasive and impressive, strongly illustrating that strange fatality which so frequently accompanies the commission of crime." 150 N. Y. 346–354, 44 N. E. 971–973.

It is contended by the defendant's counsel that subdivision 7 of section 465 of the Code of Criminal Procedure gives the defendant the right to a new trial, irrespective of the truth or falsity of the testimony given by Waynes on this application, if it appears that such evidence, if given on the former trial, would probably have changed the verdict. The grounds upon which this application is based, and the reasons urged for granting it, do not present a case which comes within the meaning and intention of the statute.

The application is denied.